The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANITA WHITE,

        Plaintiff,

   v.

LADY A ENTERTAINMENT, LLC;
CHARLES KELLEY; DAVID HAYWOOD;
AND HILLARY SCOTT,

        Defendants.

No. 2:20-CV-01360-RSM

**DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY**

**NOTE ON MOTION CALENDAR: NOVEMBER 6, 2020**

DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF CONTENTS**

                                                                  **Page**

I. FACTUAL BACKGROUND ................................................................................................ 1

    A. The Musical Group Learns of Plaintiff ................................................................. 1

    B. The Musical Group's Incontestable Marks ........................................................... 4

II. PROCEDURAL HISTORY AND FACTS ......................................................................... 5

III. ARGUMENT ...................................................................................................................... 5

    A. FIRST-TO-FILE FACTORS ................................................................................. 6

        1. Chronology of Lawsuits ............................................................................. 6

        2. Similarity of the Parties .............................................................................. 7

        3. Similarity of the Issues ............................................................................... 7

    B. THE TENNESSEE MOTION TO DISMISS ........................................................ 9

        1. Ms. White's Motion to Dismiss Is Without Merit. .................................... 9

        2. In the Alternative, a Stay of this Action Pending a Resolution of the Tennessee Action Would Be Proper. ................................................. 11

IV. CONCLUSION ................................................................................................................ 12

DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY- i
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
　946 F.2d 622 (9th Cir. 1991) .................................................................................... *passim*

*Church of Scientology of Cal. v. U.S. Dep't of Army*,
　611 F.2d 738 (9th Cir. 1979) ...........................................................................................5, 9

*Grand Trunk W. R. Co. v. Consol. Rail Corp.*,
　746 F.2d 323 (6th Cir. 1984) ............................................................................................10

*Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*,
　787 F.3d 1237 (9th Cir. 2015) ...................................................................................5, 6, 7

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
　678 F.2d 93 (9th Cir. 1982) ................................................................................................5

*Russell Rd. Food & Beverage, LLC v. Spencer*,
　829 F.3d 1152 (9th Cir. 2016) ............................................................................................2

*State Farm Fire & Cas. Co. v. Specialty Surgery Ctr., PLLC*,
　Civil No. 2:15-cv-26, 2015 WL 6696001 (M.D. Tenn. Nov. 3, 2015)..................................10

**Rules**

Fed. R. Civ. P. 4..............................................................................................................1, 6

Fed. R. Civ. P. 4(d)(3)..........................................................................................................6

Fed. R. Civ. P. 6(a)(1)(C) ....................................................................................................6

DEFENDANT'S MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY- ii
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Defendants David Haywood, Hillary Scott, and Lady A Entertainment, LLC ("LAE") (collectively, "Moving Defendants")[1] respectfully ask the Court to dismiss this case in its entirety, or in the alternative, either transfer this case to the United States District Court for the Middle District of Tennessee, or stay the proceedings pending resolution of preexisting, parallel Tennessee litigation.

## I.     FACTUAL BACKGROUND

### A.    The Musical Group Learns of Plaintiff

Charles Kelley, David Haywood, and Hillary Scott (collectively, the "Band," and collectively with LAE, the "Musical Group" or "Defendants") are members of a band that has been known since 2006/2007 interchangeably as Lady Antebellum and Lady A, having used both federally registered brand names to promote their goods and services since 2007.

On June 11, 2020, in recognition of the hurtful connotations of the word "antebellum," the Musical Group announced that it would discontinue its use of the "Lady Antebellum" brand and would use only its Lady A mark moving forward. Following the Musical Group's social media posting announcing its decision, Plaintiff Anita White took to the media to challenge the Musical Group's use of its federally registered, and incontestable, Lady A trademark.

In or around June 2020, Plaintiff provided an interview to *Rolling Stone* concerning her alleged claims to the Lady A trademark. According to the *Rolling Stone* article detailing the interview, Defendant stated that "[she did] not know where she stands from a *legal* standpoint; she is going to *speak with a lawyer* next week to *discuss her options*" (emphasis added). The *Rolling Stone* article quoted Plaintiff's statement that "I don't know if [the new Lady A] are going to give me a cease-and-desist. I don't know how they'd react. But I'm not about to stop using my name. For them to not even reach out is pure privilege. I'm not going to lay down and let this happen to

---

[1] Despite an offer by counsel for Defendants to enter a waiver of service under Rule 4 of the Federal Rules of Civil Procedure, Plaintiff served Moving Defendants personally. While Mr. Haywood, Ms. Scott, and LAE have been served, Mr. Kelley has not, and this Motion to Dismiss is filed on behalf of Mr. Haywood, Ms. Scott, and LAE.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 1
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

me. But now the burden of proof is on me to prove that my name is in fact mine, and I don't even know how much I'll have to spend to keep it." "Lady Antebellum Is Now 'Lady A.' But So Is a Blues Singer Who's Used the Name for 20 Years." *Rolling Stone*, June 12, 2020, https://www.rollingstone.com/pro/news/lady-antebellum-lady-a-country-blues-1013919/.

Upon reading the *Rolling Stone* article, as a professional courtesy, the Musical Group promptly contacted Plaintiff to both respond to her reported consternation about not having been contacted before the Musical Group's announcement and relieve her stated concerns about receiving "a cease-and-desist" or having to stop using her name. Plaintiff responded by informing the Musical Group that she would be willing to speak with them but that she would only do so with her already-retained Tennessee attorney on the line to "protect [her] brand." *See* Declaration of Mary-Olga Lovett Ex. A (Email Correspondence dated June 12, 2020). Substantively, the Musical Group reassured Plaintiff that despite its longstanding, incontestable nationwide rights in the LADY A mark as a brand for musical recordings, clothing, and live musical performances, the Musical Group would not seek to enforce its trademark rights to prohibit Plaintiff (or several other musical performing artists likewise using the pseudonym "Lady A") from continuing their use. Indeed, just four days after the Musical Group's June 11th announcement, the parties participated in a Zoom videoconference to continue negotiations, which Plaintiff, at the time, acknowledged as "transparent, honest, and authentic." *See* Lovett Decl. Ex. B (Instagram Screengrab).

Given Plaintiff's insistence on involving legal counsel, the parties' discussions naturally matured into discussions reflected by documentation. That documentation, commonly known in the trademark industry as a "coexistence agreement,"[2] concerned each party's particular rights to continue using "Lady A" in their respective contexts. The parties also discussed a musical collaboration between the group and professional courtesies that the Musical Group could extend to Plaintiff, such as consent to a trademark application and a sharing of marketing and search

---

[2] A coexistence agreement is an enforceable agreement that gives both parties the advantages of using a trademark. *See Russell Rd. Food & Beverage, LLC v. Spencer*, 829 F.3d 1152, 1156 (9th Cir. 2016).

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 2
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

engine optimization (SEO) resources, with the Musical Group taking the extraordinary step of committing to use "best efforts" to achieve these goals.[3]

After substantial effort was spent negotiating the terms of this proposed coexistence agreement, Plaintiff's Tennessee counsel, Bruce Newman, contacted the Musical Group's counsel to inform them that Plaintiff would not be signing the agreement, had terminated his engagement, and was instead hiring a trademark/IP attorney, presumably to litigate against the Musical Group. *See* Lovett Decl. Ex. C (Email Correspondence dated June 24, 2020).

On June 25, 2020, Plaintiff's new counsel, Cooley LLP, introduced themselves as her "litigation counsel," and directed the Musical Group's counsel to refer any correspondence regarding "the dispute" to them. Lovett Decl. Ex. D (Email correspondence dated June 25, 2020). Seeking to avoid any litigation and fully intending to continue negotiating the coexistence agreement, counsel for the Musical Group contacted Plaintiff's counsel by telephone to continue co-existence discussions. Rather than returning the call or resuming negotiations, counsel for Plaintiff instead delivered a document titled, "Confidential Settlement and Coexistence Agreement," renamed from "Coexistence Agreement" (an unmistakable change in posture), which, without warning, introduction, or explanation, made an exorbitant demand for damages not previously discussed. Given Plaintiff's clear change in posture and abandonment of negotiations demonstrated by the new document that bore no resemblance to the previously-discussed terms in the draft coexistence agreement, on July 8, 2020, Defendants filed suit in the United States District Court for the Middle District of Tennessee to confirm their incontestable trademark rights as a necessary prerequisite to carrying on its business in Music City (the "Tennessee Action"). *See* Lovett Decl. Ex. E (Tennessee Complaint).[4]  The Tennessee Action is styled Case No. 3:20-cv-

---

[3] BLACK'S LAW DICTIONARY defines "best efforts" as **putting forth one's best efforts**, a **higher standard of effort than mere reasonable efforts or commercially reasonable efforts**. If it can be done, even if at a very high cost, then the effort may be required under the agreement, while commercially reasonable efforts would not require the same." (Emphasis supplied.)

[4] Exhibits to the Tennessee Complaint have been intentionally omitted to avoid duplicative exhibits and minimize the volume of this filing.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 3
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

585, *Hillary Scott; Charles Kelley; David Haywood; and Lady A Entertainment LLC v. Anita White*.

### B. The Musical Group's Incontestable Marks

The Musical Group registered its "Lady A" marks in various classes in May and July of 2010, and the incontestability of each of these marks was acknowledged by the United States Patent and Trademark Office ("USPTO") in June and December of 2017 and September 2019.

On May 18, 2010, Lady A'D Productions, Inc. applied to register "Lady A" in International Class 41 for entertainment services, including live musical performances and streaming musical programming. The first use date was identified as 2006, and the first-use-in-commerce date was identified as 2008. *See* Lovett Decl. Ex. F. The application was assigned to LAE on August 30, 2010. *See id.* Ex. G. The application was published for opposition on October 19, 2010, and registered on July 26, 2011 (U.S. Reg. No. 4004006) after no oppositions were filed by any person or entity, including White. *See id.* Ex. H. On May 1, 2017, LAE filed its Combined Declaration of Use and Incontestability under Sections 8 & 15 with the USPTO, which was accepted by the USPTO on June 28, 2017, acknowledging the registration's incontestability. *See id.* Ex. I.

On May 18, 2010, Lady A'D Productions, Inc. also applied to register "Lady A" in International Class 9 for musical recordings, which was assigned to LAE on August 30, 2010 and published for public opposition on October 19, 2010. *See id.* Ex. F, G. Again, no oppositions were filed by any person or entity, including White, and the USPTO issued U.S. Registration Number 4292685. *See id.* Ex. J. LAE filed its Combined Declaration of Use and Incontestability under Section 9 with the USPTO, which was accepted on September 5, 2019, acknowledging the registration's incontestability. *See id.* Ex. K.

On July 21, 2010, Lady A'D Productions, Inc. applied to register "Lady A" in International Class 25 for clothing. *See id.* Ex. L. That application, which was assigned to LAE on August 30, 2010, was published for public opposition on July 12, 2011, and after no oppositions were filed, the USPTO issued U.S. Registration Number 4030752 on September 27, 2011. *See id.* Ex. G, M.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 4
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

LAE filed its Combined Declaration of Use and Incontestability under Sections 8 & 15 on December 4, 2017, acknowledging the registration's incontestability. *See id.* Ex. N. U.S. Trademark Registration Nos. 4004006, 4030752, and 4292685 are collectively, the "LADY A Registrations."

At no point prior to 2020 did Plaintiff challenge, in any way, Defendants' use of the Lady A mark. *See id.*

## II. PROCEDURAL HISTORY AND FACTS

On September 15, 2020, more than two months after the Musical Group initiated the Tennessee Action, Plaintiff initiated a separate matter in this Court. The issue in this case—as in the Tennessee Action—revolves around the parties' use of the LADY A mark.

On September 16, 2020, Plaintiff filed a Motion to Dismiss in the Tennessee Action, citing the newly filed action in this Court as a basis for dismissing and/or transferring the Tennessee Action.

The Tennessee court has now issued a scheduling order for the progression of the Tennessee matter. *See* Lovett Decl. Ex. T.

## III. ARGUMENT

The first-to-file rule is a generally recognized doctrine of federal comity that allows a district court to transfer, stay, or dismiss an action if a case with substantially similar issues and parties was previously filed in another district court. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982); *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1239-40 (9th Cir. 2015). The rule is primarily meant to alleviate the burden placed on the federal judiciary by duplicative litigation and to prevent the possibility of conflicting judgments. *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Accordingly, the first-to-file rule "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoting *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979)).

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 5
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The rule may be invoked when a complaint involving the same parties and same issues has already been filed in another district. *Id.* A court's decision to accept or decline jurisdiction based on the first-to-file rule is reviewed for abuse of discretion. *Id.* A court must analyze three factors: (1) chronology of the lawsuits; (2) similarity of the parties; and (3) similarity of the issues. *Kohn Law Group*, 787 F.3d at 1240.

### A.    FIRST-TO-FILE FACTORS

#### 1.    Chronology of Lawsuits

The Musical Group filed the Tennessee Action on July 8, 2020. *See* Lovett Decl. Ex. E. On July 16, counsel for the Musical Group contacted counsel for Ms. White to seek a waiver of service under Rule 4 of the Federal Rules of Civil Procedure. Ms. White's counsel agreed, saying that he would "promptly return" the waiver. *See id.* Ex. O (Email Correspondence dated July 17, 2020). The waiver was sent to Defendants' counsel on July 21, 2020. *Id.* Ex. P. (Notice of Lawsuit and Request to Waive Service of a Summons). Accordingly, the deadline for Ms. White to file a responsive pleading in the Tennessee Action was September 21, 2020.[5] *See* Fed. R. Civ. P. 4(d)(3).

Just before her deadline to respond to the Tennessee Action, Ms. White initiated this action on September 15, 2020. [Dkt. No. 1]. The next day, on September 16, 2020, Ms. White filed in the Tennessee Action a Motion to Dismiss or Transfer Complaint, as well as a memorandum of law and a declaration of Ms. White in support (the "Tennessee MTD"). *See* Lovett Decl. Ex. Q-1, Q-2, Q-3 (Tennessee Action Dkt. Nos. 14, 15, and 17).

In addition to seeking outright dismissal of the Musical Group's claims, Ms. White alternatively asks the Tennessee court to transfer the Tennessee Action to this Court. *See id.* Ex. Q-2 at 12-14). Ms. White also argues that the Musical Group filed the Tennessee Action to deprive Ms. White of her choice of forum—this forum. *Id.* at p. 8-12. If Ms. White had not filed this action

---

[5] The 60th day after the waiver was sent was September 19, 2020. However, since that date fell on a Saturday, the answer or other responsive pleading became due on September 21, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C).

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 6
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

prior to her Tennessee MTD, she would have had no support for these alternative arguments.[6] This action is nothing more than an obvious attempt at forum shopping, designed to entice dismissal of the Tennessee Action and deprive the Musical Group of its choice of forum.

### 2. Similarity of the Parties

The individuals and entities who are parties to the Tennessee Action are identical to those who are parties to this Action.

The plaintiffs in the Tennessee Action are:

1. Hillary Scott;
2. Charles Kelley;
3. David Haywood; and
4. Lady A Entertainment LLC.

Lovett Decl. Ex. E at 1.

The sole defendant in the Tennessee Action is Ms. White, *id.*, and Ms. White is the sole plaintiff in the-above captioned action. [Dkt. No. 1 at 1]. The defendants in this action are:

1. Hillary Scott;
2. Charles Kelley;
3. David Haywood; and
4. Lady A Entertainment LLC.

*Id.*

### 3. Similarity of the Issues

With the Tennessee Action having been filed first, and the parties being identical, the first two prerequisites of the first-to-file doctrine have clearly been met. *See Alltrade, Inc.*, 946 F.2d at 625. The third factor, the similarity of the issues, also weighs in favor of a dismissal, transfer, or stay of this action. The issues in both cases need not be identical, but they must be substantially similar. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1241 (9th Cir. 2015). Here, however, the issues are nearly identical.

---

[6] Ms. White also argues in the Tennessee MTD that the Tennessee court does not have general personal jurisdiction over her. The Musical Group does not contest this allegation.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 7
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The parties are already in litigation in Tennessee over the same trademarks at issue in this case. The controversy in both actions revolves around the Musical Group's incontestable LADY A Registrations and Ms. White's alleged common law trademark rights over the same mark. In the Tennessee Action, the Musical Group seeks to confirm that it is lawfully using the LADY A marks and that its use of the marks and intent to continue using them do not infringe any rights Ms. White may have.[7] Lovett Decl. Ex. E at 11-12.  In determining whether the Musical Group is lawfully using the mark, the Tennessee court will evaluate the parties' respective trademark rights and determine whether either party has a valid trademark, and if so, the extent of that party's trademark rights. *See id.* The evidence that will be presented in that case will demonstrate the Musical Group's use and registration of the LADY A mark, and the Musical Group anticipates that Ms. White will attempt to adduce evidence to demonstrate her alleged prior use of the mark.

In this action, Ms. White has brought claims against the Musical Group for Lanham Act trademark infringement, common law trademark infringement, and unfair competition. [Dkt. No. 1, at p. 8-11]. Similar to the Tennessee Action, the outcome of this case is dependent upon the validity of the Musical Group's incontestable mark and Ms. White's alleged common law mark. The evidence that will be presented in the Tennessee Action to prove that the Musical Group is lawfully using its LADY A mark includes evidence of the Musical Group's use and registration of the mark, and it is the same evidence that would be presented in this action to prove that the Musical Group is not infringing any of Ms. White's alleged trademark rights. Further, the evidence that the Musical Group anticipates Ms. White will offer in this case includes evidence to demonstrate that she is the senior user of the mark, which—like with the Tennessee Action— would include evidence of her alleged prior use.

---

[7] The Musical Group does not, through the Tennessee Action, seek to prohibit Ms. White—or any of the other numerous artists using the name—from continuing to identify herself as a musical performer named "Lady A," nor does it seek any monetary damages from Ms. White. *Id.* at 11.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 8
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

While the specific causes of action alleged in each suit are not identical, the outcome of each case would be determined by the same facts and evidence. Allowing this suit to continue in light of the first-filed Tennessee Action would result in a duplicity of lawsuits and would be a waste of judicial resources. Equally important, there is a risk that this Court and the Tennessee court could reach conflicting results, with one court finding that Ms. White's alleged common law rights prevail and the other court reaching the opposite conclusion. A conflict in rulings is the exact problem the first-to-file doctrine was designed to prevent. *See Church of Scientology of Cal.*, 611 F.2d at 750. Because the first-to-file doctrine should not be disregarded lightly, *see Alltrade, Inc.*, 946 F.2d at 625, Moving Defendants respectfully request that the Court dismiss this action in favor of the Tennessee Action. In the alternative, Moving Defendants request that the Court stay this matter pending the resolution of the Tennessee Action, or transfer the claims asserted in the-above captioned case so they can be resolved efficiently by a single court in a single action.

### B. THE TENNESSEE MOTION TO DISMISS

Ms. White may argue that because she believes the Tennessee Action should be dismissed through the Tennessee MTD, this Court should retain this case so that the parties would not be required to initiate a new case in this jurisdiction upon dismissal of the Tennessee Action. However, the Tennessee MTD is based largely on the existence of this action, and the remaining arguments are, as described in more detail below, without merit. In addition, even if the Court finds there is a possibility that the Tennessee Action will be dismissed, the Court should, at a minimum, grant a stay of this current action pending resolution of the Tennessee Action.

#### 1. Ms. White's Motion to Dismiss Is Without Merit.

In the Tennessee MTD, Ms. White sets forth three arguments in support of her requested dismissal. *See* Lovett Decl. Ex. Q-2 at i. First, Ms. White argues that the Tennessee court has no personal jurisdiction over her. *Id.* Second, Ms. White argues that the Tennessee Action is an anticipatory action. *Id.* Finally, Ms. White argues that in the alternative, the Tennessee court should transfer the Tennessee Action to this Court. *Id.* Each of these arguments is without merit.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 9
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Tennessee court has granted jurisdictional discovery so that the Musical Group may investigate the jurisdictional facts relevant to the Tennessee Action. Lovett Decl. Ex. R (Dkt. No. 40). Ms. White's contacts with Tennessee in connection with her musical career and her alleged common law trademark rights are substantial. For example, by her own admission, Ms. White has performed in Tennessee on several occasions over her career. *See Id.* Ex. Q-3 at ¶ 3. Ms. White's social media account confirms that she was in Tennessee in January 2020 to perform at the Her Majesty Presents 2020 Showcase in Memphis, Tennessee. *See id.* Ex. S (Instagram Screengrab). Ms. White admits her music is for sale within Tennessee. *Id.* Ex. Q-3 at ¶ 4. The first attorney she ever retained was her initial Tennessee counsel in this dispute, who engaged in settlement negotiations with Defendants prior to Ms. White retaining Cooley, LP. *See id*. at ¶ 8. For years, Ms. White has used the State of Tennessee to benefit herself, both in terms of her music career and in attempting to enforce her alleged rights to the LADY A mark. Given her strong history and connection with Tennessee, it is unlikely that the Tennessee court will find that it lacks specific jurisdiction over Ms. White.

Ms. White's argument that the Tennessee Action is an anticipatory action is similarly without merit. According to Sixth Circuit precedent, the factors to be considered by the Tennessee Court are "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The parties agree that the fourth factor is not at issue here (*see* Lovett Decl. Ex. Q-2 at 12), but the remaining factors militate in favor of denying the Tennessee MTD. The first and second factors unquestionably weigh in favor denial, as a resolution of the Tennessee Action would settle the controversy between

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 10
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

the parties and clarify their respective rights to use the LADY A mark. Regarding the third factor, without an improper motive, there can be no procedural fencing. *State Farm Fire & Cas. Co. v. Specialty Surgery Ctr., PLLC*, Civil No. 2:15-cv-26, 2015 WL 6696001, at *9 (M.D. Tenn. Nov. 3, 2015). The timeline of the negotiations set forth above demonstrates that the Musical Group was acting in good faith in attempting to enter a coexistence agreement with Ms. White. It was only after Ms. White made an exorbitant demand that the Musical Group initiated an action in the Tennessee court to confirm its right to continue using its trademark in its home state, from which it conducts the majority of its business. Finally, the fifth factor, whether there is an alternative remedy that is better or more effective, is neutral. Whether the parties proceed in this Court or in the Tennessee court, they will have the same opportunity to make use of the judicial system, and with respect to this Court, neither court is "better and more effective" than the other.

Ms. White's final argument in the Tennessee MTD is that the Tennessee court should transfer the case to this Court. However, Ms. White initiated this action when she did for the apparent purpose of being able to make the argument that there is an existing case into which the Tennessee Action could be transferred. This argument is irrelevant to this Court's inquiry, and it should not be read to strengthen the Tennessee MTD.

### 2. In the Alternative, a Stay of this Action Pending a Resolution of the Tennessee Action Would Be Proper.

If the Court finds that a dismissal or transfer is improper in light of the Tennessee MTD, the Court should stay the above-captioned action pending resolution of the Tennessee Action. *See Alltrade, Inc.*, 946 F.2d at 629 ("where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed"). Of course, as set forth above, there is not a likelihood that the Tennessee Action will be dismissed. However, a stay would eliminate the risks associated with duplicative litigation, such as wasting judicial resources and the risk of conflicting results. Thus, if the Court does not dismiss or transfer this case, the Court should enter a stay of all proceedings until final resolution of the Tennessee Action.

DEFENDANTS' MOTION TO DISMISS, OR IN THE
ALTERNATIVE, TO TRANSFER OR STAY - 11
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV.   CONCLUSION

For the reasons stated herein, Moving Defendants respectfully request that the Court dismiss this case in its entirety, or, alternatively, grant this motion and transfer this case to the United States District Court for the Middle District of Tennessee, or stay the proceedings pending resolution of the Tennessee Action, and for other such relief to which Moving Defendants may be entitled.

Respectfully submitted on October 13, 2020.

    Davis Wright Tremaine LLP

By */s/Ambika K. Doran*
Ambika K. Doran, WSBA #38237
920 Fifth Avenue, Suite 3300
Seattle, Washington  98104-1610
Telephone:  (206) 622-3150
Fax:  (206) 757-7700
Email:  ambikadoran@dwt.com

**GREENBERG TRAURIG LLP**

**Mary-Olga Lovett (TX SBN: 00789289)**
*Pro Hac Vice* application filed
lovettm@gtlaw.com
**Mark G. Chretien (TX SBN: 24036364)**
chretienm@gtlaw.com
*Pro Hac Vice* application filed
**Aimee Housinger (TX SBN: 24083203)**
housingera@gtlaw.com
*Pro Hac Vice* application filed
**Kyle B. Dugan (TX SBN: 24097625)**
duganky@gtlaw.com
*Pro Hac Vice* application filed

**Brianna Zook (TX SBN: 24106624)**
zookb@gtlaw.com
*Pro Hac Vice* application filed
1000 Louisiana Street, Suite 1700
Houston, Texas 77002
Telephone: 713.374.3570

**Nina D. Boyajian (CA SBN 291037)**
boyajiann@gtlaw.com
*Pro Hac Vice* application filed

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY - 12
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone: 310.586.7700
*Attorneys for Defendants Lady A Entertainment LLC, David Haywood, and Hillary Scott*

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY - 13
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record were served with a copy of the foregoing through the Court's CM/ECF system on October 13, 2020.

/s/ Ambika K. Doran
Ambika K. Doran

DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER OR STAY - 14
(2:20-CV-01360-RSM)
4821-4230-6766v.3 0051461-002983

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax