UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANITA WHITE, <br><br> Plaintiff, <br><br> v. <br><br> LADY A ENTERTAINMENT, LLC, *et al.*, <br><br> Defendants. | CASE NO. C20-1360-RSM <br><br> ORDER GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY |

## I.   INTRODUCTION

This matter comes before the Court on Defendants David Haywood, Hillary Scott, and Lady A Entertainment, LLC ("LAE") (collectively, "Defendants")'s Motion to Dismiss pursuant to the first-to-file-rule or, in the alternative, to transfer or stay. Dkt. #26. Plaintiff Anita White opposes Defendants' motion. Dkt. #30. Neither party requests oral argument, and the Court finds it unnecessary to resolve the underlying issues. Having reviewed the relevant briefing and the remainder of the record, the Court GRANTS Defendants' Motion and STAYS this matter pending resolution of Plaintiff's motion before the U.S. District Court for the Middle District of Tennessee.

//

## II. BACKGROUND

Plaintiff White is a Seattle-based recording artist who performs under the stage name "Lady A" and has used the trademark LADY A for nearly thirty years. Dkt. #27-10 at ¶¶ 2-3. On June 11, 2020, the band formerly known as "Lady Antebellum" changed their name to "Lady A" in recognition of the "hurtful connotations" of the word "antebellum." Dkt. #26 at 4.

On July 8, 2020, Defendants in this matter filed a declaratory judgment action in the U.S. District Court for the Middle District of Tennessee ("the Tennessee Action") seeking a declaration that LAE is lawfully using the LADY A marks and that its use of the marks does not infringe on Plaintiff White's rights. *See Scott et al. v. White*, 20-cv-0585, Dkt. #1 (M.D. Tenn. filed July 8, 2020). On September 15, 2020, Plaintiff commenced the instant action in this Court, alleging claims against Defendants for trademark infringement and unfair competition. Dkt. #1.

On September 16, 2020, Plaintiff filed a motion to dismiss in the Tennessee Action for lack of personal jurisdiction and on the basis that Defendants' declaratory action is an improper anticipatory action. *Scott et al.*, 20-cv-0585, Dkt. #14. Alternatively, Plaintiff argues that the Tennessee court should transfer the Tennessee Action to the Western District of Washington. *Id.* To determine the jurisdictional facts related to the Tennessee Action, the Honorable William L. Campbell, Jr., U.S. District Judge for the Middle District of Tennessee, has ordered jurisdictional discovery. *Scott et al.*, 20-cv-0585, Dkt. #40. Plaintiff's motion to dismiss in the Tennessee Action remains pending as of the date of this Order.

On October 13, 2020, Defendants filed the instant Motion to Dismiss or, in the Alternative, to Transfer or Stay. Dkt. #26. Defendants argue that dismissal is appropriate based on the first-to-file rule. *Id.* at 9-12. Alternatively, Defendants request that the Court stay this case pending resolution of Plaintiff's motion to dismiss in the Tennessee Action. *Id.* at 14.

## III. DISCUSSION

**A. First-to-File Rule**

When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, courts apply the "first-to-file" rule to determine whether the later-filed case should be stayed, dismissed, or transferred to the forum of the first-filed case. *Merial Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed. Cir. 2012).[1] The "first-to-file" rule exists to "avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action . . . ." *Id.* Resolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by Federal Circuit law. *Elecs. for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1345–46 (Fed. Cir. 2005).

"The general rule is that the first-filed action is preferred, even if it is declaratory, 'unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise.'" *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (quoting *Serco Servs. Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1038 (Fed. Cir. 1995)). Justifications for an exception may be found in "the convenience and availability of witnesses, [the] absence of jurisdiction over all necessary or desirable parties, . . . the possibility of consolidation with related litigation, or considerations relating to the real party in interest." *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed. Cir. 1993). Trial courts have discretion to make exceptions to the general first-to-file rule "in the interest of justice or expediency," and the Federal Circuit has recognized that such "exceptions are not rare." *Micron*

---

[1] The Court notes that Defendants cite the "first-to-file" standard set forth in *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). However, because the instant case addresses trademark infringement, the Court follows the standard set forth by the Federal Circuit in *Merial Ltd.,* 681 F.3d at 1299.

*Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008) (citing *Genentech*, 998 F.2d at 937).

It is undisputed that the Tennessee Action was the first-filed action. Likewise, there is substantial overlap between both matters such that litigation of both matters would likely undermine judicial efficiency and risk conflicting decisions. Plaintiff does not dispute that the parties and issues in this action and the Tennessee action are substantially similar, given that both address parties' legal claims to the LADY A trademark. *See* Dkt. #30 at 7. Instead, she argues that equitable exceptions should apply to the first-to-file rule. Specifically, she argues that (1) her motion to dismiss the Tennessee Action is likely to succeed, thus negating the need to dismiss, transfer or stay the instant action; and (2) a stay in this matter would result in a "lengthy and indefinite delay" in resolving parties' dispute on the merits. *Id.* at 7-13. The Court will address each argument in turn.

**B. Plaintiff's Motion to Dismiss in the Tennessee Action**

Defendants argue that dismissal or transfer of this action is appropriate given that Plaintiff's motion to dismiss in the Tennessee Action is "without merit" and thus likely to be denied. Dkt. #26 at 13. Specifically, they maintain that (1) Plaintiff is subject to specific jurisdiction in Tennessee; (2) the Tennessee Action is not an improper anticipatory lawsuit; and (3) Judge Campbell will likely deny Plaintiff's alternative request to transfer the Tennessee Action to the Western District of Washington. Dkt. #32 at 6-15.

Plaintiff counters that because her pending motion to dismiss in the Tennessee Action is likely to succeed, a dismissal, transfer, or stay of this action is unwarranted. Dkt. #30 at 7-11. She contends that the Middle District of Tennessee lacks personal jurisdiction because her business activities in that forum "have no bearing on the issues giving rise to the claim for

1   declaratory relief." *Id.* at 8. Plaintiff also rejects Defendants' contentions that she has a strong
2   history and connection with Tennessee. *Id.* In addition to lack of personal jurisdiction, Plaintiff
3   argues that dismissal of the Tennessee Action is proper as it constitutes an improper anticipatory
4   lawsuit amounting to "deceptive gamesmanship." *Id.* at 10. Finally, she contends that if the
5   Tennessee Action is dismissed outright, a transfer of that action to the Western District of
6   Washington is warranted in light of the location of third-party witnesses and the disparity of
7   parties' abilities to litigate in distant forums. *Id.* at 11.

8   The Court agrees with parties that Judge Campbell's disposition of the motion to dismiss
9   in the Tennessee Action directly bears on whether this Court should apply an equitable exception
10  to the first-to-file rule. *See Genentech,* 998 F.2d at 938 (listing absence of jurisdiction over
11  necessary parties and possibility of consolidation as bases for equitable exception). Indeed, if
12  the Tennessee court concludes that it lacks personal jurisdiction over Plaintiff or that the
13  declaratory action is improper gamesmanship by Defendants, dismissal or transfer of this case
14  under the first-to-file rule may be inappropriate. Alternatively, if Judge Campbell denies
15  Plaintiff's motion and allows the action to proceed in the Middle District of Tennessee, this Court
16  may find proper basis to apply the first-to-file rule and dismiss or transfer this case. The proper
17  course of action, therefore, depends on the outcome of Plaintiff's motion to dismiss in the
18  Tennessee Action.

19  In an effort to persuade this Court of the proper or likely outcome in the Tennessee
20  Action, parties have used the instant motion to brief their arguments on Plaintiff's pending
21  motion before Judge Campbell. However, Plaintiff's likelihood of success is not indisputable.
22  Indeed, the complexity of these jurisdictional issues is evidenced by Judge Campbell's order for
23  jurisdictional discovery to assist with his analysis. Moreover, the Court declines parties'
24

invitation to usurp the authority of another district court by preemptively ruling on the merits of a pending motion. The Court therefore finds that a stay pending Judge Campbell's ruling in the Tennessee Action is the appropriate course of action.

### C. Plaintiff's Argument Against a Stay

Plaintiff also contends that a stay in this action is improper as it would delay adjudication of her claims. Dkt. #30 at 11-12. In support of her argument, she cites the lack of progress in another trademark infringement action in this district, *Upstart Grp. LLC v. Upstart Grp. Inc.*, as evidence that a stay would put this dispute "into hibernation" for six months or more while allowing her to suffer ongoing injury. *Id.* at 12 (citing 2020 WL 869743, at *3 (W.D. Wash. Jan. 2, 2020)). Plaintiff argues that the risk of delay "far outweighs the possibility of reaching an inconsistent result with the Middle District of Tennessee." *Id.*

As an initial matter, the Court is not persuaded that delays in an unrelated trademark case should dictate the proper course of action in the instant matter. Moreover, reaching the merits of Plaintiff's motion pending before Judge Campbell does not merely pose the risk of an "inconsistent result." As explained above, it would require this Court to reach beyond its jurisdictional authority and address the merits of a fully-briefed motion pending before another district court. The Court declines to do so.

## IV. CONCLUSION

Having reviewed Defendants' Motion, Plaintiff's Response, Defendants' Reply, and the remainder of the record, it is hereby ORDERED that:

(1) Defendants' Motion to Dismiss or, in the alternative, to Transfer or Stay, Dkt. #26, is GRANTED. This action is STAYED pending disposition of Plaintiff's motion to dismiss in *Scott et al. v. White*, 20-cv-0585, Dkt. #14 (M.D. Tenn. filed July 8, 2020).

(2) Parties shall notify the Court, in writing, within ten days of Judge Campbell's ruling on the pending motion to dismiss.

DATED this 13th day of April, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE